IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| In re | |
| LESTER DAN PIERCY, JR. | Case No. 3:18-bk-32261-SHB |
| DOLORES J. PIERCY | Case No. 3:18-bk-32260-SHB |
| JOSEPH SHAUN PIERCY | Case No. 3:18-bk-32262-SHB |
| Debtors. | |
| M. DUSTIN LONG, | |
| Plaintiff, | CONSOLIDATED CASES |
| v. | Adv. Proc. No. 3:18-ap-03043-SHB |
| | Adv. Proc. No. 3:18-ap-03044-SHB |
| LESTER DAN PIERCY, JR., et al., | Adv. Proc. No. 3:18-ap-03046-SHB |
| Defendants. | |

## ANSWER OF DEFENDANT

**COMES NOW** Dolores J. Piercy, Defendant (hereinafter the "Defendant"), by and through counsel submits her Answer to the Plaintiff's Complaint:

1. The allegations of paragraph 1 of the Complaint are admitted.

2. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint. As a result, said allegations are denied and strict proof is demanded thereof.

3. The allegations contained in paragraph 3 of the Complaint are denied as written. It is admitted that the Plaintiff was in a business partnership with the Defendants. All other allegations are denied and strict proof is demanded thereof.

1

4. The allegations of paragraph 4 of the Complaint are denied as written. It is admitted that the Defendant filed a voluntary petition for Chapter 7 bankruptcy relief. All remaining allegations contained in paragraph 4 are denied and strict proof is demanded thereof.

5. The allegations contained in paragraph 5 of the Complaint are denied as written. As stated previously, it is admitted that the Plaintiff and the Defendants were in business partnership, and that partnership agreement speaks for itself. All remaining allegations contained in paragraph 5 are denied and strict proof is demanded thereof.

6. The allegations contained in paragraph 6 of the Complaint are denied.

7. The allegations contained in paragraph 7 of the Complaint are denied as written. It is admitted that the Plaintiff was told to leave the premises and threatened with trespassing charges after the Defendants discovered that the Plaintiff had stolen rock and other materials from the quarry in violation of the partnership agreement. All remaining allegations contained in paragraph 7 are denied and strict proof is demanded thereof.

8. It is admitted that the Plaintiff filed a lawsuit against the Defendant in Grainger County Tennessee. Any other remaining allegations are denied and strict proof is demanded thereof.

9. It is admitted that the Plaintiff obtained a judgment against the Defendant, and the referenced document speaks for itself. The remaining allegations contained in Paragraph 9 of the complaint are denied.

10. The allegations contained in paragraph 10 of the Complaint are denied.

11. The allegations contained in paragraph 11 of the Complaint are denied.

12. It is specifically denied that the Plaintiff is entitled to any relief, and the Defendant requests that the case be dismissed with costs taxed to the Plaintiff, and any other general relief the court deems necessary.

13. All allegations of the Complaint not admitted, qualified, or denied, are hereby denied.

14. For the first affirmative defense, the Plaintiff's Complaint has failed to state claim upon which relief may be granted.

15. For the second affirmative defense, the Plaintiff converted inventory and assets that belonged to the business partnership without the permission of the Defendant. As a result, the Defendant relies upon the doctrine of unclean hands to bar any recovery.

16. The Defendant reserves the right to amend this Answer to assert additional affirmative defenses after engaging in discovery as permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, Esquire
BPR No. 024525
Attorney for Defendant
**Quist, Fitzpatrick & Jarrard PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-9711
(865) 524-1873
rej@qcflaw.com
mhf@qcflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **10th of March 2022**, a copy of the foregoing **Answer,** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Mark A. Cowan
Via ECF

/s/ ***Ryan E. Jarrard***
Ryan E. Jarrard, BPR 024525

4